UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| $212,215.00 UNITED STATES CURRENCY; AND 2016 VOLKSWAGEN GTI S/SE 2S VIN: 3VW4T7AU1GM018224 | ) Cause No. 1:18-cv-1083 ) ) ) ) |
| Defendants. | ) |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on information and belief as follows:

NATURE OF THE ACTION

1.  This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the defendant property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substance Act.

JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3.  This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendants are now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANTS

5. The Defendants are:

    a. Two Hundred Twelve Thousand Two Hundred Fifteen Dollars in United States Currency ("Defendant $212,215") (Asset Identification Number 18-DEA-637204) seized on November 16, 2017, from Asher Weisberger, at 2780 South Walnut Street Pike, Apartment A313, Bloomington, IN  47401; and

    b. 2016 Volkswagen GTI S/SE 2S, VIN:  3VW4T7AU1GM018224, ("Defendant 2016 Volkswagen") (Asset Identification Number 18-DEA-637205), seized on November 16, 2017, from Asher Weisberger, at 2780 South Walnut Street Pike, Apartment A313, Bloomington, IN  47401

(jointly "Defendant Property").  The Defendant Property is currently in the custody of the United States Drug Enforcement Administration ("DEA").

## FACTS

6. In or around April 2017, the Indiana University Police Department ("IUPD"), together with the DEA and other law enforcement began an investigation into Asher Weisberger ("Weisberger") and his brother, Ruben Weisberger ("Ruben Weisberger"), for dealing in

marijuana and Tetrahydrocannabinol ("THC") wax in Bloomington, Indiana.  According to a confidential informant ("CI"), an individual named Asher Weisberger was "moving big weight" of marijuana on a biweekly basis.  The CI indicated that Weisberger and Reuben Weisberger were making frequent trips to Los Angeles, California to purchase marijuana and THC wax to be transported back to Indiana.  IUPD conducted an undercover narcotics purchase with Reuben Weisberger on April 4, 2017.

7. On June 29, 2017, Indiana State Police ("ISP") served a warrant for the arrest of Reuben Weisberger at Weisberger's residence at 2539 Eastgate Lane, Apartment 304, Bloomington, Indiana.[1]  While standing at the door of the apartment, officers could smell the strong odor of Marijuana coming from inside the apartment.  Weisberger and his girlfriend Samantha Haynes were present at the apartment.  Weisberger told officers that he wanted to cooperate with the investigation.  He was advised of his Miranda and Pirtle warnings, and Weisberger indicated he understood them.  Weisberger provided the officers with written consent to search his apartment.

8. During the search of the apartment, Thirty Thousand Dollars in United States

---

[1] On January 23, 2017, Ruben Weisberger was charged by the State of Indiana with Felony charges of Dealing in Marijuana in *State of Indiana v. Reuben Weisberger*, Cause No. 53C09-1701-F6-000051, Monroe Circuit Court 9.  These charges are presently pending with a pretrial conference scheduled for April 19, 2018.  Ruben Weisberger also has Felony charges of Burglary, Theft, and Maintaining a Common Nuisance, and Misdemeanor charges of Dealing in Marijuana and Possession of Marijuana.  *State of Indiana v. Reuben Weisberger*, Cause No. 84D01-1604-F4-001144, Vigo Superior Court 1.  These charges are pending as well, with a plea agreement filed on April 2, 2018, and a Change of Plea Hearing scheduled for May 14, 2018.  In this case, an Order issuing Warrant for Arrest was signed on May 2, 2016, and a Warrant or Writ of Attachment for the Body of a Person was issued.  *Id.*  On November 20, 2017, Ruben Weisberger was additionally charged with a Felony charge of Theft and a Misdemeanor charge of Possession of Marijuana, in *State of Indiana v. Reuben Weisberger*, Cause No. 49G15-1711-F6-044845, in Marion County.  These charges are also presently pending with a hearing scheduled for April 20, 2018.  *Id.*

Currency was located in a book bag near the door. Weisberger indicated that he had placed the book bag there in hopes that Samantha Haynes would be able to sneak it out the door. In the bedroom, approximately 30 pounds of Marijuana was located, and throughout the apartment, several vials of medical grade THC oil were found. Weisberger asked the officers if there was any chance of getting the money back, and one of the officers asked him if the money was from selling Marijuana. Weisberger answered yes. An additional Eight Hundred Ten Dollars was located in the kitchen area of the apartment. Weisberger told the officers that he had purchased Marijuana the previous day from his source. He stated that he had paid $36,000 for 20 pounds of Marijuana. Weisberger stated that he would sale approximately 20 pounds of Marijuana a month.

9. The State of Indiana initiated state forfeiture proceedings of the $30,810 in United States Currency seized from Weisberger's residence on June 29, 2017. *See State of Indiana v. Asher Weisberger*, Cause No. 53C04-1707-MI-001497, Monroe Circuit Court 4. On November 27, 2017, a default judgment was entered forfeiting the funds to the State of Indiana. *Id.*

10. Over the next several months, IUPD continued to receive information that Weisberger was dealing in large amounts of marijuana. IUPD began a joint investigation with Bloomington Police Department ("BPD"). In October of 2017, IUPD Officers was contacted by a confidential source ("CS") in regards to Weisberger. The CS stated that Weisberger was "back to his old ways and was dealing large amounts of marijuana and wax." The CS indicated that Weisberger posted everything on his social media application "Snapchat Story." Snapchat Story is an application that allows users to post pictures of themselves and/or others. The CS provided IUPD Officers with Weisberger's Snapchat name: "KidCannabis." IUPD Officers were able to

obtain images that Weisberger had posted of marijuana. Officers also obtained pictures of Marijuana with the names of the individual strains identified on the pictures.



11.     The CS described "Snapchat Scavenger Hunts" hosted by Weisberger. Weisberger would post a video or pictures on Snapchat, indicating a specific location, in which he would hide a package containing Marijuana or THC wax. Weisberger referred to these events as "Stash and Dash Scavenger Hunts."



12.     On November 8, 2017, officers conducted surveillance of Weisberger as he conducted one his "Stash and Dash" hunts. Officers witnessed Weisberger "stash" a white envelope, and saw several individuals running around the area looking for the envelope.

5

Weisberger continued to post pictures of where he was and additional drops for the "Stash and Dash." Weisberger drove to the locations in the Defendant 2016 Volkswagen. Weisberger would remain in the area to watch people arrive to "hunt" for the packages.

13. On November 16, 2017, the State of Indiana filed a Motion for Sealing Charging Information concerning Asher Weisberger, charging him with a Felony charge of Dealing in Marijuana and a Misdemeanor charge of Dealing in Marijuana. *See State of Indiana v. Asher Weisberger*, Cause No. 53C03-1711-F5-001200, Monroe Circuit Court 3. The Monroe County Court, having found probable cause, issued a warrant for the arrest of Asher Weisberger. *Id.*

14. On November 16, 2017, IUPD along with BPD arrived at Weisberger's new residence at 2780 South Walnut Street Pike, Apt. A313, Bloomington, Indiana, to serve Weisberger with the arrest warrant. In plain view on the center island were a large amount of cash with multiple bill denominations, a plastic bag containing Marijuana and a scale. On the kitchen counter was a vacuum sealer, THC wax, and a glass-smoking device. Officers secured the apartment and applied for a search warrant. Search warrants were issued for the apartment and for the Defendant 2016 Volkswagen. Weisberger was given his Miranda rights and he stated that he would answer law enforcement's questions. Weisberger admitted that he used the Defendant 2016 Volkswagen to transport Marijuana and sell Marijuana.

15. When the search warrant was executed, officers found a large amount of United States Currency on the kitchen island, along with a scale and a bag of Marijuana. Also located throughout the apartment were THC wax paraphernalia and wax paper containing THC wax. In Weisberger's closet, officers found over 8.5 pounds of Marijuana in a box. The box of Marijuana had several vacuum-sealed bags of different labeled Marijuana strains and some of the bags contained smaller plastic bags of Marijuana. Also, found were ten boxes labeled "private

reserve, the cleanest THC cartridge available," and several other individually packaged THC cartridges. A safe was located in the bedroom closet, and when opened, a b.b. gun, two large plastic bags of an unidentified white powdery substance, and a large amount of cash neatly organized and separated by denominations. The United States Currency from the kitchen island and the safe was initially counted on scene to be $212,940. The United States Currency was transported to First Financial Bank for an official bank count. Three $100 bills of the amount were determined to be counterfeit. The Currency was officially counted to be $212,215 in United States Currency, and a First Financial Cashier's check was issued in that amount.





16.     Weisberger was taken into custody, and after being provided his Miranda rights, agreed to speak to investigating officers. Weisberger admitted to dealing in Marijuana. He stated that he dealt in it "because it was safer than other drugs and it helps other people." Weisberger stated that he had been dealing in Marijuana for over a year because he needed the cash. He admitted to using Defendant 2016 Volkswagen to facilitate the sale of Marijuana. When questioned about the large amount of United States Currency, Weisberger responded that,

"yes, some of that money I got from my father, some of that money I obtained legally, and some of that money I obtained illegally." Weisberger admitted to organizing the "Stash and Dash Scavenger Hunts" to give "a free gram or two to others."

17. Weisberger was not employed at the time of the seizure.

18. In addition to the charges of Dealing in Marijuana filed in November 2017, in Cause No. 53C03-1711-F5-001200, Monroe Circuit Court 3, Weisberger was charged by the State of Indiana in Monroe County with Felony charges of Dealing in Marijuana Amount is at least 10 pounds (Level 5 Felony) and Counterfeiting (Level 6 Felony); and Misdemeanor charges of Possession of a Controlled Substance (A-Misdemeanor) (2 Counts) and Possession of Paraphernalia (C-Misdemeanor). *See State of Indiana v. Asher Weisberger,* Case No. 53C03-1711-F5-001214, Monroe Circuit Court 3. A Pretrial Conference is scheduled for May 29, 2018. *Id*.

19. The Felony charge of Dealing in Marijuana and Misdemeanor charge of Dealing in Marijuana in *State of Indiana v. Asher Weisberger*, Cause No. 53C03-1711-F5-001200, Monroe Circuit Court 3, remain pending. A Pretrial Conference is scheduled for May 29, 2018. *Id.*

20. In addition to the current drug trafficking charges in these cases, Weisberger has a criminal history. In 2015, Weisberger was charged with a Felony charge of Theft in Monroe County. See *State of Indiana v. Asher Weisberger,* Cause No. 53C03-1510-F6-001005, Monroe Circuit Court 3. Weisberger pled guilty, and pursuant to the plea was convicted of a Class A Misdemeanor charge of Theft on February 11, 2016. *Id.* Weisberger was also convicted of Conversion in *State of Indiana v. Asher Weisberger*, Cause No. 84H01-1507-CM-001009, Terre Haute City Court.

21. Weisberger was arrested and charged several times in Nashville, Tennessee, as well. In May 2015, he was charged with unlawful use of drug paraphernalia in *State of Tennessee v. Asher Weisberger*, Cause No. SC1040492, Davidson County, Tennessee. In May 2015, he was also charged with contributing to the delinquency of a minor in *State of Tennessee v. Asher Weisberger*, Cause No. SC1040490, Davidson County, Tennessee. In May 2015, he was charged with possession or casual exchange of a controlled substance in *State of Tennessee v. Asher Weisberger*, Cause No. SC1040489, Davidson County, Tennessee. In May 2015, he was charged with unlawful use of drug paraphernalia in *State of Tennessee v. Asher Weisberger*, Cause No. SC1040491, Davidson County, Tennessee. Each of these cases were settled.

22. Based on the above factual allegations, there is probable cause to believe that the Defendant Currency constitutes proceeds of and/or was property used to facilitate violations of the Controlled Substance Act. *See* 21 U.S.C. § 853(a) and § 881(a)(6); and 28 U.S.C. § 2461(c). Further, there is probable cause to believe that the vehicle also constituted proceeds of and/or was property used to facilitate violations of the Controlled Substance Act. *See* 21 U.S.C. § 853(a) and § 881(a)(6); and 28 U.S.C. § 2461(c).

23. A Monroe Circuit Court turnover order was issued on December 7, 2017, ordering that the Defendant Property be transferred to the United States for forfeiture under the appropriate federal statutes.

24. The DEA initiated administrative forfeiture proceedings against the Defendant $212,215 and Defendant 2015 Volkswagen. The DEA received a claim dated January 8, 2018, to the Defendant $212,215 and Defendant 2016 Volkswagen submitted by Attorney Jeff Cardella, on behalf of Asher Weisberger.

25. Upon the filing of this claim, the DEA transmitted the claim to the United States Attorney for the purpose of initiating a judicial forfeiture action against the Defendant Property.

PERTINENT STATUTES

26. Under 21 U.S.C. § 841(a)(1)-(2), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

27. Marijuana is a Schedule I controlled substance. *See* 21 U.S.C. § 812(c); 21 C.F.R. § 1308.11(d)(23).

28. Tetrahydrocannabinols ("THC") is a Schedule I controlled substance. See 21 U.S.C. § 812(c); 21 C.F.R. § 1308.11(d)(31).

29. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

PRAYER FOR RELIEF

Based on the factual allegations set forth above, there is probable cause to believe that the Defendant Property represents the proceeds of drug trafficking and conspiracy to commit drug trafficking, and property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of violations of 21 U.S.C. §§ 841 and 846. Consequently, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) and 21 U.S.C. § 881.

WHEREFORE, the United States of America prays that the Clerk of the Court issue a

warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property be forfeited to the United States for disposition according to law; and that the United States be granted any relief this Court may deem just and proper.

                                      Respectfully submitted,

                                      JOSH J. MINKLER
                                      United States Attorney

By:    *s/ Debra G. Richards*
        Debra G. Richards
        Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-5027

## VERIFICATION

I, William K. Jeffers, hereby verify and declare under penalty of perjury that I am a Task Force Officer ("TFO") for the Drug Enforcement Administration ("DEA"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a TFO with the DEA.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 4/9/2018

_____
Task Force Officer William K. Jeffers
Drug Enforcement Administration

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| $212,215.00 UNITED STATES CURRENCY; | ) Cause No. 1:18-cv-1083 |
| AND 2016 VOLKSWAGEN GTI S/SE 2S | ) |
| VIN: 3VW4T7AU1GM018224 | ) |
| | ) |
| | ) |
| Defendants. | ) |

WARRANT FOR ARREST OF PROPERTY

TO:    ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 5th day of April, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against Two hundred twelve thousand two hundred fifteen dollars in United States Currency ("$212,215.00"), and 2016 Volkswagen GTI S/SE 2S, VIN: 3VW4T7AU1GM018224 defendants herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendants into the possession of the United States Marshals for the Southern District of Indiana, to be detained in the possession of the Marshals until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

_____
Laura A. Briggs, Clerk
United States District Court
Southern District of Indiana

Copy to:

Debra G. Richards, Assistant United States Attorney
United States Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN  46204-3048
Debra.Richards@usdoj.gov

Asher Weisberger
c/o Jeff Cardella
The Law Office of Jeff Cardella, LLC
333 N. Alabama St., #357
Indianapolis, IN 46204

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(I) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.